

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

      Plaintiff,

v.

D. LIEWERT
in his official and personal
capacities,

      Defendant.

_____/

Case:2:20-cv-11144
Judge: Steeh, George Caram
MJ: Stafford, Elizabeth A.
Filed: 04-06-2020 At 11:39 AM
PRIS MOORE V. LIEWERT (AT)

## VERIFIED CIVIL RIGHTS COMPLAINT PURSUANT TO
## TITLE 42, U.S.C. § 1983

There is no other civil action between the parties arising out of the same transaction or occurrence alleged in this Complaint.

NOW COMES Plaintiff Charles Moore ("Plaintiff"), pursuant to Title 42, U.S.C. § 1983, seeking redress for the unconstitutional conduct of the above named defendant, and in support therefor states:

### I. Verification

1. Plaintiff, being of sound mind and majority age, hereby states and deposes under oath hallowed and the penalty of perjury, Title 28, U.S.C. § 1746(2), that the allegations forming the basis of this complaint are true and correct based upon plaintiff's direct and personal knowledge of and involvement in the matter stated herein, and that plaintiff is competent to testify to same;

### II. Number of previously-filed civil actions

2. Plaintiff has filed three (3) previous civil actions:

    a. Charles Moore v. Janet Campbell and Dawn Maly., Originating Case No. 4:18-cv-13845, United States District Court, Eastern District, Pending.



b. Charles Moore v. Michigan Department of Corrections, et al., Originating Case No. 1:17-cv-615, Expired.

c. Charles Moore v. Willie O. Smith, et al., Originating Case No. 1:13-cv-00881, Expired.

### III. Jurisdiction and Venue

3. Plaintiff herein alleges that the conduct of the named defendant contravened the First, Eighth and Fourteenth Amendments to the U.S. Constitution;

4. The United States District Court for the Eastern District of Michigan is vested with subject matter jurisdiction over this case pursuant to Title 28, U.S.C. §§ 1331 and 1367;

5. Venue is proper in the Southern Division of the United States District Court for the Eastern District of Michigan pursuant to Title 28, U.S.C. § 1331 and E.D. Mich. L.C.R. 83.10(d) insofar as the events forming the basis of the instant complaint occurred during plaintiff's interactions with the named defendant while situated at the Gus Harrison Correctional Facility ("ARF"), located in the city of Adrian, in the county of Lenawee, in the state of Michigan;

### IV. Short and Plain Statement of the case

6. Pursuant to Fed.R.Civ.P. 8(a), plaintiff is required to include a short and plain Statement of the case;

> The named defendant violated plaintiff's rights under the First, Eighth and Fourteenth Amendments through his retaliation, deliberate indifference and denying plaintiff (a diabetic), the same nutritionally adequate hot meal that he served to the rest of the prisoner population.

### V. General Allegations

7. At all times relevant to the events forming the basis of the instant complaint, plaintiff was undergoing treatment for several sufficiently serious medical conditions that require him to eat nutritionally adequate meals,

-2-

including diabetes, post traumatic stress disorder (PTSD), depression, and hypertension;

8. At all times relevant to the events forming the basis of this complaint, Defendant was a food service supervisor E-9 employed by the state of Michigan;

9.    Plaintiff is an insulin dependent diabetic, who is medically required to present himself to food service three times a day to receive meals.

10. On August 8, 2019, plaintiff was ordered by officers Warner and Amedil, to report to food service to receive his lunch meal.

11. Upon entering food service, plaintiff was told by defendant that chow lines were down and ordered him to leave food service.

12. Plaintiff explained to defendant that officers Warner and Amsdil had ordered him to report for his meal. Plaintiff further told defendant that he is an insulin dependant diabetic who medically cannot miss meals.

13. Defendant told plaintiff that he didn't care about his diabetes and ordered him to leave food service or receive a misconduct.

14. Plaintiff returned to his unit and told officers Warner and Amsdil that defendant denied him his meal and threatened him with a misconduct.

15. Plaintiff stepped away from the officers desk while officer Warner (who is a diabetic himself) called defendant to explain that plaintiff is a diabetic who must be served a meal.

16. Shortly thereafter, plaintiff was called back to the officers desk and told by officer Warner to report back to food service to receive his meal.

17. Plaintiff returned to food service and was told by defendant, "because you reported me to your unit officers, you won't eat at all on my shift, because I don't give a damn about your medical concerns. Now I am giving you a direct order to get out of my kitchen".

18. Prisoner Darnell Eddins, who was cleaning behind the serving line

-3-

opened a hot box which was full of pans of pizza and said to defendant, "there's plenty of pizza left. He can have one of these." Defendant told him to "shut the boxes, he can't have none of those."

19. Plaintiff then told defendant, "man that's messed up. I'm a diabetic and you won't feed me."

20. As plaintiff was leaving food service a prisoner worker snuck plaintiff a ride out bag that consisted of a cold cheese sandwich and peanut butter.

21. Plaintiff filed grievance ARF 2019 / 08 / 1969 / 28K, which was rejected as a 'joint grievance filed by two or more prisoners'.

22. On August 19, 2019, Plaintiff filed grievance ARF / 2019 / 08 / 2113 / 17B, after he was told by officer Warner that during his August 8, 2019 call to defendant, they argued because defendant claimed to have called the unit for chow and officer Warner told him that the unit had not been called for chow. Officer Warner told me that he had informed defendant that plaintiff was a diabetic and needed to be fed. The grievance was denied with defendant being the Reviewer in violation of PD 03.02.130 § (U): [Prisoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent].

## VI. Count I--First Amendment Retaliation

23. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs;

24. The First Amendment prohibits prison officials from retaliating against prisoner's who exercise their right to redress.

25. The established protocol with respect to prisoner claims of retaliation is (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against plaintiff that would deter a person of ordinary firmness from

continuing to engage in that conduct; (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

26. Plaintiff reported defendant's actions to officers Warner and Amsdil and was told to report back to food service to be fed. Further, defendant told plaintiff, "because you reported me to your unit officers. You won't eat on my shift, because I don't give a damn about your medical concerns. Now I am giving you a direct order to get out of my kitchen." Thereby satisfying the 1st prong of retaliation.

27. Defendant threatened plaintiff with a misconduct and ordered him to leave food service without a meal. Thereby satisfying the 2nd prong of retaliation.

28. Defendant threats of a misconduct and denial of a meal were in response to his dispute with officer Warner as his own words verify, "because you reported me to your unit officers. You won't eat at all on my shift because I don't give a damn about your medical concerns. Now I am giving you a direct order to get out of my kitchen." Thereby satisfying the 3rd prong of retaliation.

29. As a trained food supervisor employed by the state of Michigan, defendant knew of or should have known that his actions were retaliatory and contravened plaintiff's Constitutional rights.

30. Accordingly, plaintiff hereby asserts a claim of First Amendment retaliation against defendant.

## VII. Count II--Deliberate indifference to the substantial risk
### of serious harm to Plaintiff

31. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs;

32. Under clearly established law, the deliberate indifference standard embodies both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious". Second, the charged official must act with a sufficiently culpable state of mind;

33. Plaintiff and officer Warner informed defendant that plaintiff was an insulin dependent diabetic who had not eaten. Defendant responded by arguing with officer Warner and telling plaintiff, "I don't give a damn about your medical concerns." refusing to provide plaintiff with a meal and ordering plaintiff to leave food service or receive a misconduct. Plaintiff received a ride out bag only after a prisoner food service worker slipped plaintiff a bag on his way out the door. Defendant's words and actions satisfy both prongs of the deliberate indifference standard.

## VIII. Count III--Violation of Fourteenth Amendment
### Equal Protection Clause

34. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.

35. Plaintiff is an insulin dependent prisoner who was instructed by his dietician to choose healthy options from the regular prisoner menu for diabetes control.

36. On August 8, 2019, defendant denied plaintiff the same meal that was served to the prisoner population despite being shown that more portions of the meal existed.

According, plaintiff hereby asserts a claim of violation of the Equal Protection Clause of the Fourteenth Amendment for failure to feed plaintiff as he fed other prisoners similarly situated.

-6-

## IV. Relief Requested

WHEREFORE, plaintiff Charles Moore demands the following in terms of relief, jointly and severally against defendant for the violation of the rights as set forth herein:

> a. A declaration that the defendant violated the federal rights of plaintiff;
>
> b. Whatever amount the jury may determine for compensatory damages for the past, present, and future physical and emotional injuries suffered by plaintiff by reason of the defendant's unlawful and unconstitutional conduct, in an amount that is fair just, and reasonable and in conformity with the evidence;
>
> c. Punitive and exemplary damages against the defendant to the extent allowable by law;
>
> d. Attorney fees, as allowed pursuant to 42 U.S.C. § 1988;
>
> e. All costs, interest, and disbursements of this action, and;
> f. Such other and further legal and/or equitable relief as appears just and proper.

Respectfully submitted,

Charles Moore, #223268
G. Robert Cotton Correctional Facility
3500 N. Elm
Jackson, MI 49201

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ___8-12-19___   Grievance Identifier: | A R F | 1 9 0 8 | 1 | 0 1 6 9 | 2 8 K |

Be brief and concise in describing your grievance issue.  If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CHARLIE MOORE | 223268 | ARF | 3-259-B | 8-8-19 | 8-10-19 |

What attempt did you make to resolve this issue prior to writing this grievance?  On what date? ___8-8-19___
If none, explain why.

**I spoke directly to Food Supervisor Liewert and asked him to serve me the exact food items that he served to the rest of the population.**

State problem clearly.  Use separate grievance form for each issue.  Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form.  The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.   This grievance is written against Food Supervisor (Liewert) for violations of Policy Directive 04.07.100(E)(F); Policy Directive 03.03.130(E); and The Equal Protection Clause of the Fourteenth Amendment, which provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend.XIV; City of Cleburne v. Cleburne Living Ctr., Inc., 437 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985): I entered Food Service during the noon meal time and was told by Food Supervisor Liewert that chow lines were down and I was to leave food service. I explained to Food Supervisor Liewert that diets and handicaps had not been called in my unit and I am an insulin dependent diabetic who cannot miss meals. Food Supervisor Liewert said he didn't care and again told me to leave to food service. I returned to my unit and asked officers Warner and Ausdill if they remember diets and handicaps being called. They both said no, it was never called. They told me to go back to food service to receive my food portion. I returned to food service and Food Supervisor Liewert told me that there was no more pizza and I had to accept a ride out bag (peanut butter and cheese) as substitute. At this time a prisoner food worker got my attention and opened up one of the food warmers that contained six to eight full pans of pizza. I told Food Supervisor Liewert that I had just seen a food warmer full of pizza and again asked for the same serving that the rest of the prisoner population recieved. Food Supervisor Liewert told me that those pizzas were being frozen and saved for a later time and I could not have any. I left food service with a ride out food bag that was cold and uneatable. I request that Food Supervisor Liewert be disciplined according to policy and administrative rule.

_Charlie Moore_    Grievant's Signature

RESPONSE (Grievant Interviewed?   ☐ Yes   ☒ No    If No, give explanation.  If resolved, explain resolution.)

_____   _____   _____   _____
Respondent's Signature       Date                         Reviewer's Signature          Date

_____   _____   _____   _____
Respondent's Name (Print)    Working Title                Reviewer's Name (Print)       Working Title

| Date Returned to Grievant: 8-16-19 | If resolved at Step I, Grievant sign here. Resolution must be described above. | |
|---|---|---|
| | Grievant's Signature | Date |

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Michigan Department of Corrections
**GRIEVANCE REJECTION LETTER**

**DATE:**     8/12/2019

**TO:**     **MOORE**     **223268**     **LOCATION:   ARF     259B-3**

**FROM:**   **Grievance Coordinator:  Ream**

**SUBJECT:**   Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding     **Joint Griev. Plus Pris. or Ident. Individ. Griev.**
was received in this office on   **8/12/2019**     and was rejected due to the following reason:
**Two or more prisoners and/or parolees may not jointly file a single grievance regarding an issues of
mutual impact or submit identical individual grievances regarding a given issue as an organized
protest.  Such grievances shall be rejected by the grievance coordinator.**

Any future references to this grievance should utilize this identifier:   **ARF   /   2019 /   08  /  1969    / 28K**

_Roan_                 8/12-19              _ADW. mhnl_           8·15·19
**Respondent**                          **Date**        **Reviewer**                     **Date**

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248  5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: _9/01/19_

Grievance Identifier: |A|R|F|1|9|0|8|1|9|6|9|2|8|K|

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

SEP 03 2019
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_G.C_____ by _8/30/19_. If it is not submitted by this date it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Charlie Moore | 223268 | ARF | 259-B-3 | 8/8/19 | 8/20/19 |

**STEP II — Reason for Appeal**   First and foremost, since the Respondents did not respond to the Step I administrative grievance, they waive any right to challenge the subject matter issue at hand.

Second, because Grievant Moore is an insulin dependant diabetic known as such to Respondent Food Supervisor Liewert, there is no justifiable excuse not to feed him from the main line meal. Thus, to knowingly deny Grievant Moore's ability to participate in the general population main line menu, constitutes deliberate indifference to his serious health care needs. Obviously, this violates the Eighth Amendment.

**STEP II — Response**

Date Received by Step II Respondent:

See attached

S. Campbell, Warden    _S. Campbell_    8-21-19
Respondent's Name (Print)   Respondent's Signature   Date

Date Returned to Grievant: 8-23-19

**STEP III — Reason for Appeal**   First, and foremost, the Step I grievance rejection is fundamentally flawed, oppressive, and outright content-based censorship. Because another inmate challenges an unconstitutional government practice or procedure based on a similar thought pattern does not mean that MDOC may arbitrarily stymie the advancement of free speech by rejecting the free exercise of protected speech. Also, Grievant is a insulin dependant diabetic that was targeted and denied his meal. That is deliberate indifference.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION:  White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant



STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

*H 90*

110251
28K

| | |
|---|---|
| **To Prisoner:** | Moore          #:   223268 |
| **Current Facility:** | JCF |
| **Grievance ID #:** | ARF-19-08-1969-28K |
| **Step III Received:** | 9/3/2019 |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

### THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

**Date Mailed:**          SEP 2 3 2019

cc: Warden, Filing Facility: ARF

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN  48909

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _8 2 t  K_   Grievance Identifier: |A|4|5|U|R|0|2| |2|4|3| |1|0|8|

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Charlie Moore | 223268 | ARF | 235383 | 8-19-19 | 8-22-19 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? **8-19-19**
If none, explain why. **Grievant spoke directly with the Food Service Supervisor that engaged in the retaliatory conduct charge that is the subject matter issue. Informal resolution was unsuccessful. Therefore, this grievance is timely and warranted.**

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

**First-shift Food Service Supervisor (Liewert) is the named respondent.**

**Grievant was involved in protected conduct while he addressed a grievance concern with the first-shift Food Service Supervisor. The supervisor ordered Grievant to leave food service. Grievant complied and returned to his housing unit and reported the incident to first-shift 3-unit officers Warner and Amsdill. The officers ordered Grievant to return to food service to eat his required meal due to him being an insulin dependent diabetic.**

**Upon returning to food service, the supervisor said "because you reported me to your unit officers, you won't eat at all on my shift because I don't give a damn about your medical concerns. Now, I am issuing you a direct order to get out of my kitchen. Grievant immediately returned to his housing unit.**

_Moore_
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☑ No    If No, give explanation. If resolved, explain resolution.)

_H.J._                         _9/17/19_           _Liewert_
Respondent's Signature         Date                Reviewer's Signature                  Date
_G. Hassan_    _FSD_                          _Liewert_
Respondent's Name (Print)     Working Title       Reviewer's Name (Print)      Working Title

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF
CORRECTIONS

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM
(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Moore | 223268 | 259/3-B | ARF-19-08-2113-17B |

| Prisoner Interviewed | YES ☐ | NO ☒ | If "NO", Reason: Prisoner at another Facility |
|---|---|---|---|
| Extension Granted | YES ☐ | NO ☒ | If YES, Enter End Date: Click or tap to enter a date. |

**COMPLAINT SUMMARY:**

Prisoner Moore states he was retaliated against because he told his housing unit officer he was instructed to go back to the housing unit after he left health service.

**INVESTIGATION SUMMARY:**

Prisoner states in his grievance he spoke with Supervisor Liewert on 8/19/19. Prisoner Moore did not have contact with Supervisor Liewert on 8/19/19, Mr. Liewert was not at the facility on set day. PD 04.04.130 Prisoner Movement within an institution states a pass is issued to a prisoner for events that were not scheduled. Such movement would also be coordinated through the control center per PD 04.04.130. Prisoner Moore was not issued a pass per his statement in the grievance and had no authorization to be in food service to speak with any staff.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

04.07.101 Therapeutic Diets, 04.07.100 Offender Meals and Food Quailty Assurance3.03.130 Inhumane Treatment and Living Conditions

**DECISION SUMMARY:**

All staff questioned state they didn't speak with Prisoner Moore. Supervisor Liewert wasn't in the facility on the day in questioned. Prisoner didn't have authorization to be in food service per 04.04.130 without a pass. In the body of the grievance Prisoner Moore doesn't indicate he had authorization to be in food service to speak with anyone.

| RESPONDENT NAME: | G. Hissong | TITLE: | FSD |
|---|---|---|---|
| RESPONDENT SIGNATURE: | | DATE: | 9/17/2019 |
| REVIEWER NAME: | D. Liewert | TITLE: | Supervisor E-9 |
| REVIEWER SIGNATURE: | | DATE: | 9/17/2019 |

**Distribution:** Original - Step I Grievance Coordinator    Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

## STEP II PRISONER GRIEVANCE RESPONSE

| Prisoner Name | Number | Institution | Lock | Date of Incident |
|---|---|---|---|---|
| Moore | 223268 | ARF | 3-259 | 08/19/2019 |

| Respondent | Title | Date | Grievance Identifier |
|---|---|---|---|
| S. Campbell | Warden | 11/01/2019 | ARF 2019/08/2113/17B |

The response at step one is upheld. F/S staff questioned by FSD Hissong indicated that they didn't talk to the grievant. The staff member accused of denying the grievant a meal, FSS Liewart didn't work on the day of the incident.

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248  5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: _10/21/19_

Grievance Identifier: |   |   |   |   |   |   |   |   |   |   |   |

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

DEC 05 2019

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ by _____. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CHARLIE MOORE | 223268 | ARF | H-90 | 8-19-19 | 10-16-19 |

**STEP II — Reason for Appeal**   First and foremost, respondent and reviewer (D. Liewart) are in violation of PD 03.02.130 § U: Prisoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent, they waive any right to challenge the subject matter issue at hand.

Second, Grievant listed the date of incident as August 19, 2019, because that's the date that 3-unit officer Warner informed me that on the date (xxxxxxxxxxxxx) supervisor Liewart denied me the meal. He called food service and him and food service supervisor Liewart had a verbal dispute about food service supervisor Liewart denying me a meal. Hearing this new information made food service supervisor Liewart's statement on August 3, 2019 make sense, as it occurred shortly after their altercation. This is a clear case of retaliation and I intend to pursue all available remedies.

**STEP II — Response**

Date Received by
Step II Respondent:

Date Returned to
Grievant:
_11-5-19_

Respondent's Name (Print) _____   Respondent's Signature _____   Date _____

**STEP III — Reason for Appeal**

Clearly the step II Respondent failed to review my appeal based on his response that FSS Liewart didn't work on August 19, 2019. I agree with this assessment and in my step II appeal, I explained that the incident occurred on August 3, 2019. The August 19, 2019 date is when I discovered the retaliation.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION:  White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

<u>"AFFIDAVIT OF DARNELL EDDINS"</u> #201035

STATE OF MICHIGAN )
                  ) SS.
COUNTY OF LENAWEE )


I, <u>DARNELL EDDINS</u>, being first duly sworn and deposed, do hereby state under penalty of perjury that, if called as a witness, I can testify competently to the below stated facts.  Those facts are as followed:

     *      *      *      *      *      *      *      *

<u>"FACTS"</u>

1.    On 8/08/2019, I was a line worker in the Gus Harrison Correctional Facility, (hereinafter, "ARF"), Dinning Hall during the lunch meal.  I was cleaning my area on the steam table, after the chow lines had been closed down, and I observed several Prisoner coming into the Dinning Hall, pushing wheelchair patients, in an effort to be served lunch.  I directly observed and heard, the Food Service Supervisor, Liewert, tell several Prisoners that they could not eat because the chow lines had been shut down over ten minutes ago.  All of those Prisoner were told to leave the chow hall and they left;

2.    About 15 minutes later, those same Prisoners returned to the Dinning Hall to be fed.  At that time, I heard Food Service Supervisor, Liewert, tell the Prisoners that, "...they had ran out of Pizza's and they would be getting 'Ride-Out' bag lunches." I walked over to the "Hot Boxes" where the Pizza's are kept and there were about 5 to 7 pans of Pizza.  Each Pan holds about 16 pieces each, and there was about 15 or 16 Prisoner who wanted to be fed;

3.    I then called the Food Service Supervisor, Liewert, and showed him the

Pizza's pans in the Hot Boxes and he told me to, "...shut the boxes, they can't have none of those."   Yet, this was the same Pizza that the Prisoner population was served.

    Pursuant to **28 U.S.C. § 1746,** I have submitted this affidavit on this 12th Day in the Month of August, 2019, of my own free will, and the facts stated herein are true, correct and accurate and are based on my personal knowledge, information and belief.

**FURTHER AFFIANT SAYETH NOT.**

                           **Respectfully Yours,**

## "AFFIDAVIT OF DEXTER HARRIS" #195335

STATE OF MICHIGAN )
                  ) SS.
COUNTY OF LENAWEE )


I, **DEXTER HARRIS**, being first duly sworn and deposed, do hereby state under penalty of perjury that, if called as a witness, I can testify competently to the below stated facts.   Those facts are as followed:

    *     *     *     *     *     *     *     *

### "FACTS"


1.   On 8/08/19, I arrived in the Gus Harrison Correctional facility Dinning Hall, (hereinafter, "ARF"), for lunch!!!   Upon arrival, I was informed by the Food Service Supervisor, Liewert, that I was to late for the lunch meal because the chow hall lines had already been shut down.   I explained to the Food Service Supervisor that, "I locked in three unit and the diet and handicap chow had not been called for that Unit."   I was then told by the Food Service Supervisor to leave the Dinning Hall because I would not been served a meal;

2.   Upon returning to three unit, I immediately asked officer Warner, "had diet and handicap chow been called," and he immediately stated to me "No", the Dinning hall had not called the Unit yet.   Officer Warner then called the Dinning Hall and explained to them that, "he had not received a call to send the 'diet and handicap' Prisoners to chow."   Following the phone call, officer Warner told me to go to chow to receive my lunch meal;

3.   Upon returning to the Dinning Hall, I was told by Food Service

Supervisor that, "I would not be served the Pizza meal for lunch because they had ran out of Pizza."   I was subsequently given a 'ride out bag of food', which contained a Peanut Butter sandwich along with a Cheese sandwich.   However, as the bag lunches were being passed out, I observed a Prisoner Food service Worker open the 'Hot Box' and I saw several pans full of Pizza.   I asked the Food Service Supervisor, "Why I wasn't being served the Pizza meal as there were several pans of Pizza in the Hot Box."   The Food Service Worker stated that, "...those Pizza's were being save for later and I could not have one of those Pizza's."   I left the Dinning Hall with a cold lunch bag.

Pursuant to 28 U.S.C. § 1746, I have submitted this affidavit on this 12th Day, in the Month of August, 2019, of my own free will, and the facts stated herein are true, correct and accurate and are based on my personal knowledge, information and belief.

**FURTHER AFFIANT SAYETH NOT.**

Respectfully Yours,

## "AFFIDAVIT OF RICHARD LLOYD" #214426

STATE OF MICHIGAN )
                    ) SS.
COUNTY OF LENAWEE )


    I, RICHARD LLOYD, being first duly sworn and deposed, do hereby state under penalty of perjury that, if called as a witness, I can testify competently to the below stated facts.  Those facts are as followed:

      *     *     *     *     *     *     *     *

### "FACTS"

1.    On 8/08/2019, I went to the Dinning Hall at the Gus Harrison Correctional Facility, (hereinafter, "ARF"), for the lunch meal.  I escorted Prisoner, Woolard, #247739, who is a wheelchair Paraplegic Patient to chow, as this is the normal procedure where 'handicap and special diets' Prisoners eat last.  Subsequently, after arriving in the Dinning Hall, I was told that the chow lines had been closed and that I was to late to eat lunch;

2.    I immediately returned to the unit and asked the officer, "had they called handicap and diet line for chow already."  At that time, officer Warner indicated that, 'he had not been contacted by the Dinning Hall, that it was time for us to eat.'  He called the Dinning Hall himself and after talking to the Dinning Hall personnel, he told me to go back to chow, so I can be served lunch;

3.    Upon returning to the Dinning Hall, Supervisor Liewert, told me that, "they had ran out of Pizza and that I would be given a 'Ride-Out' bag."  As

the Supervisor began passing out the bag lunches of Peanut butter and cheese, a Prisoner cook brought out a Pan of Pizza.    I asked the Food Service Supervisor Liewert, 'why I couldn't get a piece of Pizza.'   And I was told that, "...the Pizza was being saved for later that day."   I was then told to leave the chow hall, and I left with the bag lunch.

Pursuant to 28 U.S.C. § 1746, I have submitted this affidavit on this 12th Day, in the Month of August, 2019, of my own free will, and the facts stated herein are true, correct and accurate and are based on my personal knowledge, information and belief.

**FURTHER AFFIANT SAYETH NOT.**

Respectfully Yours,

Richard Floyd

**Charles Moore, #223268**
G. ROBERT COTTON CORR. FACIL..
3510 N. ELM ROAD
JACKSON, MI 49201

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
OFFICE OF THE CLERK
THEODORE LEVIN UNITED STATES COURTHOUSE
231 WEST LAFAYETTE BLVD - ROOM 564
DETROIT, MICHIGAN 48226

OFFICIAL BUSINESS

U.S. MARSHALS

Case:2:20-cv-11144
Judge: Steeh, George Caram
MJ: Stafford, Elizabeth A.
Filed: 04-06-2020 At 11:39 AM
PRIS MOORE V. LIEWERT (AT)







RECEIVED
APR 29 2020
CLERK'S OFFICE
U.S. DISTRICT COURT

4/6/20

U.S. POSTAGE >> PITNEY BOWES

49201 $ 002.80°
0000344127 APR 06 2020