UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES MOORE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>D. LIEWERT,<br><br>　　　　　　　　Defendant. | Case No. 20-cv-11144<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 38)**

### I.　Introduction

Plaintiff Charles Moore, a prisoner confined at the Gus Harrison Correctional Facility, filed this pro se civil rights action under 42 U.S.C. § 1983. The Honorable George Caram Steeh referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6. Defendant D. Liewert moves for summary judgment. ECF No. 38. For the reasons below, the Court **RECOMMENDS** that Liewert's motion be **GRANTED**.

## II.     Factual Background

Moore, an insulin-dependent diabetic, alleges that he is medically required to receive three meals a day.  ECF No. 1, PageID.3.  Moore says that he and other inmates with handicaps or special diets were not called to lunch one day.  ECF No. 38, PageID.228.  Moore alerted his housing unit officer, who sent the group to food service.  *Id.*  When they arrived, Liewert, a food service supervisor, refused to give them meals and ordered them to leave because they were late.  *Id.* at PageID.229-231.  Moore allegedly told Liewert that he needed to eat because he is diabetic, but Liewert ordered him to leave or receive a misconduct ticket.  *Id.* at PageID.229.

Moore complained to his unit officers, who spoke with Liewert and told Moore and the other inmates to return to food service.  *Id.*  When Moore returned to food service, he claims Liewert refused to serve him pizza and side dishes that he saw behind the counter.  *Id.* at PageID.233-235; ECF No. 53, PageID.350.  Instead, Liewert told the group that they would get "ride-out" bags, substitute meals prisoners can consume while away from the facility.  ECF No. 53, PageID.350-351; ECF No. 38, PageID.221, 240.  But Moore claims that Liewert said he would not give Moore a ride-out bag because he reported Liewert to the unit officers.  ECF No. 53, PageID.351.  When Moore protested, Liewert said he could have a

ride-out bag that was sitting on a counter near the trash cans—a different location than the ride-out bags given to the other inmates. *Id.* at PageID.352, 354. Moore alleges that the food in the bag was moldy and had spilled. *Id.* at PageID.353.

Liewert's account differs. He admitted that he directed a group of inmates to return to their housing units because lunch was over but agreed to have them return after speaking with a unit officer. ECF No. 38, PageID.220. Because some parts of the hot meal were unavailable, Liewert gave the inmates ride-out bags, as required by prison policy. *Id.* at PageID.220-221. Liewert denied refusing to give Moore a meal or that Moore said he was diabetic. *Id.* at PageID.221-222.

Moore sues Liewert in his individual and official capacities, asserting an Eighth Amendment deliberate indifference claim, a First Amendment retaliation claim, and a Fourteenth Amendment equal protection claim. ECF No. 1, PageID.4-6. Liewert moves for summary judgment, arguing that he did not deny Moore a meal, that he was unaware that Moore is diabetic, and that Moore was not treated differently than any similarly

situated prisoner. He also argues that he is entitled to qualified and sovereign immunity.

### III. Analysis

#### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Viewing the evidence in the light most favorable to Moore, the Court finds that Liewert is entitled to summary judgment.

**B.**

To succeed on his § 1983 claims, Moore must prove that Liewert, while acting under the color of state law, deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Fridley v. Horrighs*, 291 F.3d 867, 871-72 (6th Cir. 2002). Moore asserts claims of Eighth Amendment deliberate indifference, First Amendment retaliation, and violation of the Equal Protection Clause of the Fourteenth Amendment. The Court addresses these claims below.

**1.**

Moore alleges that Liewert was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when he refused to give him an edible meal knowing that Moore was diabetic. ECF No. 1, PageID.5-6.

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 101 (1976). Because the government must provide medical care for those it has incarcerated, "[d]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of

5

pain," and thus violates the Eighth Amendment. *Estelle*, 429 U.S. at 103-104. But a plaintiff must show more than a mere failure to provide adequate medical care to prove a constitutional violation. *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). "[A] constitutional violation arises only when [a prison official] exhibits deliberate indifference to a prisoner's serious illness or injury that can be characterized as obduracy and wantonness rather than inadvertence or" good-faith error. *Id.* (internal citations and quotation marks omitted).

To prevail on a deliberate indifference claim, an inmate must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective component, Moore must show that Liewert's acts or omissions deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm." *Id.* The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

Liewert contends that Moore cannot meet the objective component because he was not denied a meal; rather, Liewert gave him a ride-out bag. ECF No. 38, PageID.206-207, 221, 240. The parties agree that Liewert gave Moore a ride-out bag. But Liewert overlooks Moore's testimony that the ride-out bag contained moldy food. ECF No. 53, PageID.353. The Court agrees with Moore that providing an inedible meal is "the functional equivalent of…no meal at all." *See id.* at PageID.341. Liewert does not rebut the testimony that he gave Moore moldy food. And even if he had, there would be a question of fact. *See Johnson v. City of Detroit*, 944 F. Supp. 586, 595 (E.D. Mich. 1996) ("Ultimately, this court cannot conclude, as a matter of law, which version of the events…is more accurate because that conclusion could only be reached by assessing the credibility of the parties' respective claims.").

Liewert notes that Moore's testimony differs from his complaint, which asserts that another food service worker "snuck [him] a ride out bag" that contained a "cold cheese sandwich and peanut butter," with no reference to mold. ECF No. 55, PageID.367 (citing ECF No. 1, PageID.4). But Moore's testimony that the ride-out bag contained moldy food is compatible with a liberal reading of the allegation that Liewert denied him a meal. *See Zolman v. Internal Revenue Serv.*, 87 F. Supp. 2d 763, 764 (E.D. Mich.

7

1999) ("[A]s plaintiff is proceeding *pro se*, the complaint must be given a liberal reading, and is not held to the standard applicable to complaints drafted by trained legal counsel."). And regardless of who gave Moore the ride-out bag, Moore has adequately alleged that Liewert denied him a meal.

Even so, the Court agrees with Liewert's argument that missing one meal was not objectively serious and that Moore has not produced verifying medical evidence of physical harm. ECF No. 38, PageID.206; ECF No. 55, PageID.368-369. Diabetes can sometimes qualify as a serious medical need. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005). But depriving a diabetic prisoner of one meal does not pose a substantial risk of harm absent evidence that the missed meal resulted in physical harm. *See, e.g., Ellesbury v. Fernandez*, No. 2:18-cv-2744, 2020 WL 7056032, at *12-13 (E.D. Cal. Dec. 2, 2020), *adopted*, 2021 WL 4441702 (E.D. Cal. Sept. 28, 2021); *Askew v. Davidson Cnty. Sheriff's Office*, No. 3:19-cv-00302, 2019 WL 2127310, at *3 (M.D. Tenn. May 16, 2019); *Bass v. Sconyers*, No. 2:13-CV-594, 2016 WL 4491859, at *7 (M.D. Ala. Aug. 4, 2016), *adopted*, 2016 WL 4492848 (M.D. Ala. Aug. 25, 2016).

When a claim alleges inadequate treatment of a medical need that is "seemingly minor or non-obvious" or involves "occasional missed doses of

medication," the plaintiff must supply verifying medical evidence of the harm. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897-898 (6th Cir. 2004); *see also Martin v. Warren Cnty.*, 799 F. App'x 329, 338 (6th Cir. 2020). Diabetes is a non-obvious condition when "a layperson could not easily determine when [a plaintiff] needed a doctor and what harm he suffered from a delay in treatment." *Martin*, 799 F. App'x at 338. Since Moore admitted that he showed no obvious signs of needing medical assistance during his interaction with Liewert, the verifying medical evidence requirement applies. *See* ECF No. 38, PageID.243.

Moore offers no evidence—much less verifying medical evidence—showing that he suffered physical harm from missing one meal. While he testified that he began shaking and sweating because his blood sugar was low, he made himself a sandwich using food supplies in his cell. *Id.* at PageID.238-239. And he admitted that he needed no doctor visit, as he knew how to manage his diabetes. *Id.* at PageID.242. Without verifying medical evidence, Moore cannot satisfy the objective component of his Eighth Amendment claim. Thus, Liewert is entitled to summary judgment on this claim.

**2.**

Moore asserts that Liewert retaliated against him in violation of the First Amendment by denying him food and threatening him with a misconduct ticket after he reported Liewert to the unit officers.[1]  ECF No. 1, PageID.4-5.

To succeed on his retaliation claim, Moore must show that: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) "there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Moore's] protected conduct."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  The Sixth Circuit imposes a "high burden" for the third factor; there must be some evidence of retaliatory motive, and conclusory allegations are insufficient.  *Hill v. Lappin*, 630 F.3d 468, 475-76 (6th Cir. 2010).

Liewert does not dispute whether Moore engaged in protected conduct but argues that he cannot show an adverse action.  ECF No. 38,

---

[1] Although Moore's complaint alleges that Liewert threatened him with a misconduct ticket, the only adverse action identified in his response is the denial of a meal.  ECF No. 53, PageID.340.  Thus, any retaliation claim based on Liewert's alleged threat of a misconduct is abandoned.  *See Briggs v. Univ. of Detroit-Mercy*, 611 F. App'x 865, 870 (6th Cir. 2015).

PageID.201-203; ECF No. 55, PageID.366-368.  The Court agrees.  Denial of a single meal is not enough to sustain a retaliation claim.  *See Lee v. Richardson*, No. 1:13-cv-329, 2016 WL 5389814, at *6 (W.D. Mich. Aug. 8, 2016), *adopted*, 2016 WL 5372293 (W.D. Mich. Sept. 26, 2016); *Marr v. Case*, No. 1:07-cv-823, 2008 WL 191326, at *10 (W.D. Mich. Jan. 18, 2008); *Walker v. Senecal*, No. 9:20-CV-0082, 2021 WL 3813081, at *7 (N.D.N.Y. July 19, 2021), *adopted*, 2021 WL 3793771 (N.D.N.Y. Aug. 26, 2021).  Nor is giving an inmate moldy or inedible food a constitutional deprivation.  *Tucker v. Rose*, 955 F. Supp. 810, 815 (6th Cir. 1997); *see also Smith v. Younger*, 187 F.3d 638 (Table) (6th Cir. 1999) ("The fact that the [prison] food occasionally contains foreign objects…while unpleasant, does not amount to a constitutional deprivation." (internal quotation marks omitted)).  And while Moore's diabetes is a compounding factor, for the reasons above, the one-time denial of a meal was not objectively serious enough to show a constitutional deprivation.  Since Moore has not shown an adverse action, summary judgment on this claim is proper.

**3.**

Finally, Moore alleges that Liewert denied him equal protection in violation of the Fourteenth Amendment by refusing to serve him the same

11

meal that was served to the general prisoner population. ECF No. 1, PageID.6; ECF No. 53, PageID.345.

Under the Fourteenth Amendment, a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To succeed on an equal protection claim, Moore must show that Liewert "treated [him] disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (internal quotation marks omitted). "Courts do not require 'exact correlation' when evaluating whether parties are similarly situated, but they do demand 'relevant similarity,'" as driven by the "'facts and context of the case.'" *Ryan v. City of Detroit*, 174 F. Supp. 3d 964, 976 (E.D. Mich. 2016) (quoting *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012)).

Liewert contends that Moore cannot show that he was similarly situated to the prisoners who were served pizza because he was late for lunch. ECF No. 38, PageID.209. The Court agrees. Moore admitted that he was late and that the food lines were being "broken down" and cleaned. *Id.* at PageID.230-232, 235. He also admitted that the other inmates who were late were given ride-out bags instead of pizza. *Id.* at PageID.240;

12

ECF No. 53, PageID.350. And while Moore claims that Liewert gave him a ride-out bag containing moldy food, he does not allege that he was treated differently than the other inmates who received ride-out bags. *See* ECF No. 53, PageID.352, 354. Since Moore cannot show that he was similarly situated to the inmates who were served pizza, Liewert is entitled to summary judgment on the equal protection claim.

## C.

Liewert also argues that he is entitled to qualified immunity. ECF No. 38, PageID.210-213. Qualified immunity applies when the defendant did not violate a clearly established constitutional right. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005). As discussed above, Moore has failed to show that Liewert violated his constitutional rights. Thus, Liewert is entitled to qualified immunity.

## D.

Finally, Liewert contends that he is entitled to sovereign immunity on Moore's claims against him in his official capacity. ECF No. 38, PageID.213-214.

The Eleventh Amendment protects states, their departments, and agencies from suit in federal court for injunctive relief or damages by their own citizens or citizens of another state. *Regents of the Univ. of Cal. v.*

*Doe*, 519 U.S. 425, 429 (1997); *Mich. Interlock, LLC v. Alcohol Detection Sys., LLC*, 360 F. Supp. 3d 671, 676 (E.D. Mich. 2018), *aff'd*, 802 F. App'x 993 (6th Cir. 2020). This immunity extends to state employees being sued in their official capacity as well. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Without clear abrogation of a state's immunity under a valid exercise of power, it may not be sued without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Green v. Mansour*, 474 U.S. 64, 68 (1985). Michigan has not consented to civil rights suits in federal court. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And the Michigan Department of Corrections is immune from being sued for money damages under § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Thus, Moore's claims for money damages against Liewert in his official capacity should be dismissed.

## IV. Conclusion

The Court **RECOMMENDS** that Liewert's motion for summary judgment (ECF No. 38) be **GRANTED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: July 22, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2022.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager