UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

        Plaintiff,

                              Case No. 20-CV-11144

  vs.

                              HON. GEORGE CARAM STEEH

D. LIEWERT,

        Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION (ECF NO. 56)</u>

Plaintiff Charles Moore is in the custody of the Michigan Department of Corrections at the Gus Harrison Correctional Facility. Moore filed this civil rights action under 42 U.S.C. § 1983 alleging that defendant D. Liewert refused to serve him a meal which he medically needed because he is diabetic. Moore sued Liewert in his individual and official capacities, asserting an Eighth Amendment deliberate indifference claim, a First Amendment retaliation claim, and a Fourteenth Amendment equal protection claim. Defendant moved for summary judgment on the grounds that he did not deny Moore a meal, that he was unaware that Moore is diabetic, and that Moore was not treated differently than any similarly situated prisoner. He also argues that he is entitled to qualified and

sovereign immunity. The magistrate judge issued a report and recommendation ("R&R") recommending that defendant's motion for summary judgment be granted (ECF No. 56). The matter is before the Court on plaintiff's timely-filed objections to the R&R (ECF No. 57).

A party who objects to an R&R must file specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Plaintiff filed over thirty paragraphs of objections to the R&R, addressing the content of each page of the R&R. Plaintiff's objections can be categorized as follows:

First, plaintiff contends that the magistrate judge failed to make all reasonable inferences in his favor as the non-moving party. On the contrary, the magistrate judge gave plaintiff's claims a very broad reading, and used plaintiff's version of the facts whenever they conflicted with defendants. See e.g., ECF No. 56, PageID.379 ("The Court agrees with Moore that providing an inedible meal is "'the functional equivalent of...no meal at all[]'"; and "But Moore's testimony that the ride-out bag contained moldy food is compatible with a liberal reading of the allegation that Liewert denied him a meal.") The Court finds that the magistrate judge made all reasonable inferences in favor of plaintiff, properly applying the summary judgment standard.

Second, plaintiff argues that the magistrate judge's statement that

- 2 -

depriving a diabetic of one meal is not objectively serious is erroneous. The magistrate judge correctly stated that "depriving a diabetic prisoner of one meal does not pose a substantial risk of harm *absent evidence that the missed meal resulted in physical harm*." ECF No. 56, PageID.380 (emphasis added, citations omitted). This is a correct statement of the law. Furthermore, the magistrate judge correctly noted that plaintiff offered no evidence that he suffered physical harm from missing the one meal.

Third, plaintiff contends that his oral complaints about being denied a meal are protected free speech for purposes of supporting his retaliation claim. However, this is just one of four factors required to show retaliation. The magistrate judge found that plaintiff failed to support the second factor, that an adverse action was taken against him. Ultimately, the magistrate judge concluded that "the one-time denial of a meal was not objectively serious enough to show a constitutional deprivation." This conclusion is supported by the law and the evidence in this case.

Fifth, plaintiff states that defendant is a white male who demonstrated racial animus against him in violation of the Fourteenth Amendment. Specifically, plaintiff contends defendant treated him differently than white inmates by refusing to serve him pizza. The magistrate judge addressed the evidence in the light most favorable to plaintiff and found that there was

no issue of material fact showing that plaintiff was similarly situated to inmates who were served pizza. ECF No. 56, PageID.384-385.

For the reasons stated, plaintiff's objections are overruled.

Now, therefore,

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 56) is ACCEPTED by the Court.

IT IS HEREBY FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 38) is GRANTED.

Dated:   September 9, 2022

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 9, 2022, by electronic and/or ordinary mail and also on Charles Moore #223268, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Brianna Sauve
Deputy Clerk