UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

Plaintiff,

v.

D. LIEWERT,

Defendant.

Case No. 20-11144
Honorable George Caram Steeh
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO DENY MOTION FOR
RECONSIDERATION UNDER FED. R. CIV. P. 59(e)
[ECF NO. 60]**

---

Plaintiff Charles Moore sued Daniel Liewert, a food service supervisor at Gus Harrison Correctional Facility.  ECF No. 1.  The Honorable George Caram Steeh accepted this Court's report and recommendation to grant Liewert's motion for summary judgment.  ECF No. 56; ECF No. 58.  After Judge Steeh entered judgment, Moore timely moved for reconsideration within the 28-day period permitted under Federal Rule of Civil Procedure 59(e).[1]  ECF No. 60.  Judge Steeh referred the motion to the undersigned

---

[1] Because Moore timely moved for reconsideration, his later notice of appeal (ECF No. 61) is ineffective.  Fed. R. App. P. 4(a)(4)(A)(iv); *Hansen v. U.S. Parole Comm'n*, 996 F.2d 1215 (6th Cir. 1993) ("A notice of appeal filed before disposition of a time-tolling motion has no effect.").

for a report and recommendation.  ECF No. 64; *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455 (6th Cir. 2012) (stating that magistrate judges must prepare reports and recommendations under 28 U.S.C. § 636(b)(3) for post-judgment motions).

When moving for reconsideration of a judgment under Rule 59(e), "the movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(1).  "Courts will generally entertain a motion for reconsideration only when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice."  *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (internal citations and quotation marks omitted).

This Court recommended that Liewert be granted summary judgment because of findings that Moore could not sustain his claims that Liewert was deliberately indifferent to Moore's serious medical needs, that Liewert engaged in retaliation in violation of the First Amendment, or that Liewert violated Moore's equal protection rights.  ECF No. 56.  This Court also reasoned that Liewert was protected by qualified immunity and sovereign

immunity.  *Id*.  In his motion for reconsideration, Moore does not argue that those findings resulted from a palpable defect.  Rather, Moore argues that this Court erred in denying his motion to strike Liewert's motion for more time to move for summary judgment and erred in granting Liewert's request for more time.  ECF No. 60 (citing ECF No. 36; ECF No. 37; ECF No. 39).

Moore's complaint about Liewert's motion for extension stems from a common type of scrivener's error.  ECF No. 60, PageID.413-414.  The assistant Attorney General representing Liewert obviously reused a motion from another case when preparing the motion for extension here.  The attorney forgot to update the name of the defendant in the case caption of the motion and brief, so Liewert's counsel is identified as the attorney for "Defendant P. Morris," who is not a defendant in this case.   ECF No. 36, PageID.178, 181.   An obvious scrivener's error that does not mislead a court does not qualify as a palpable defect.  *See Horne v. Kijakazi*, No. 7:20-CV-145-REW, 2022 WL 1229280, at *4 (E.D. Ky. Apr. 26, 2022) (finding scrivener's error to be harmless when the true meaning of the administrative law judge was clear).  The Court rejects Moore's claim that the error here is evidence of fraud.  ECF No. 60, PageID.415.

Because Moore's motion for reconsiderations relies on a meaningless scrivener's error rather than a palpable defect, his motion for reconsideration should be **DENIED.**

                                    s/Elizabeth A. Stafford
                                    ELIZABETH A. STAFFORD
Dated: December 13, 2022            United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the

4

same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2022.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager