UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

              Plaintiff,

                                          Case No. 20-CV-11144

     vs.

                                          HON. GEORGE CARAM STEEH

D. LIEWERT,

              Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## (ECF NO. 65) AND DENYING PLAINTIFF'S MOTION
## <u>FOR RECONSIDERATION (ECF NO. 60)</u>

This matter is before the Court on plaintiff Charles Moore's motion for

reconsideration of the Court's order granting defendant's motion for

summary judgment. The Court found that plaintiff could not sustain his

claims that defendant was deliberately indifferent to plaintiff's serious

medical needs, engaged in retaliation in violation of the First Amendment,

or violated his equal protection rights. The Court also reasoned that

defendant was protected by qualified immunity and sovereign immunity.

The basis of plaintiff's motion for reconsideration is that the Magistrate

Judge erred in denying his motion to strike defendant's motion for an

extension of time to move for summary judgment and erred in granting the

request for more time.

The Court referred plaintiff's motion for reconsideration to the Magistrate Judge for a Report and Recommendation ("R&R"). Plaintiff's argument was that fraud had been committed due to the fact that the motion for extension used the name of a non-party instead of naming the proper defendant. The Magistrate Judge determined that counsel inadvertently failed to update the name of the defendant in the pleading, but that it was an obvious scrivener's error which did not mislead the Court and did not qualify as a palpable defect which required a different disposition of the case.

When ruling on objections to an R&R, the court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Here, plaintiff submitted objections reiterating the importance of naming the proper party in pleadings and requiring that rules and procedures be followed by litigants.

None of plaintiff's objections change the fact that the Court was not mislead in defendant's request for more time to file a motion for summary judgment. Nor did the Court err in granting such motion. Plaintiff's objections shall be overruled.

Plaintiff filed a notice of appeal while his motion for reconsideration was pending. The finality requirement of 28 U.S.C. § 1291 prevents the filing of an effective notice of appeal until the Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise would be considered a final judgment. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). Plaintiff's notice of appeal (ECF No. 61) is therefore ineffective. Fed. R. App. P. 4(a)(4)(A)(iv). Entry of this order denying plaintiff's motion for reconsideration is a final and appealable order.

Now, therefore,

IT IS HEREBY ORDERED that plaintiff's objections are OVERRULED.

IT IS HEREBY FURTHER ORDERED that the Report and Recommendation (ECF No. 65) is ACCEPTED by the Court.

IT IS HEREBY FURTHER ORDERED that defendants' motion for reconsideration (ECF No. 60) is DENIED.

Dated:   January 19, 2023

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

- 4 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 19, 2023, by electronic and/or ordinary mail and also
on Charles Moore #223268, Parnall Correctional Facility –
SMT, 1780 E. Parnall, Jackson, MI 49201.

s/Michael Lang
Deputy Clerk